**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1390
_____

IN RE: DEBRA ABEYTA,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 3-23-cv-03012)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 11, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: May 20, 2024)
_____

OPINION[*]
_____

PER CURIAM

Debra Abeyta has filed a petition for a writ of mandamus.  For the reasons that

follow, we will dismiss the petition as moot.

In May 2023, Abeyta filed a complaint in the United States District Court for the

District of New Jersey.  The Defendants filed a motion to dismiss, and in December

2023, the District Court granted the motion, dismissed the complaint, and closed the case.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Abeyta then filed a motion to disqualify the District Court Judge. The District Court denied this motion as moot since the case was closed.[1] On March 5, 2024, Abeyta filed this petition for a writ of mandamus requesting that we order the recusal of the District Court Judge. On March 6, 2024, the District Court proceedings were assigned to a different District Court Judge.

As the proceedings have been assigned to another District Court Judge, Abeyta's request that we order the District Court Judge to recuse is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). Accordingly, we will dismiss the petition for a writ of mandamus as moot.

---

[1] Abeyta filed a notice of appeal that she later withdrew. See C.A. No. 24-1223.